IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:08CR3001 |
| | ) | |
| v. | ) | |
| | ) | |
| RENE MANUEL VARGAS-MIRANDA, SANTIAGO LOPEZ-MENDOZA, | ) | **MEMORANDUM AND ORDER** |
| | ) | |
| Defendants. | ) | |

The defendants object to Judge Piester's report and recommendation that I deny their motions to suppress. After de novo review, I find that Judge Piester has fairly and accurately stated the facts and fairly and accurately applied the law. I will therefore deny the objections, adopt the report and recommendation, and deny the motions to suppress. Although I need not and will not address all the arguments raised by defense counsel because Judge Piester's report and recommendation fully addresses each of them, three additional comments are in order.

First, after carefully reviewing the transcript (Filing 40) and viewing and listening to the significant parts of the deputy sheriff's recording of the consent to search and the ensuing search (Filing 37, Ex. 1), I am persuaded that Magistrate Judge Piester's recitation of the facts is, with immaterial exceptions, correct.

Second, the driver of the car, and the person who produced the insurance card as proof of lawful possession, Vargas-Miranda, clearly gave voluntary consent to look for the drugs. To begin with, Vargas-Miranda explicitly confirmed that his exchange with the deputy sheriff was consensual. Then, when asked if the deputy sheriff could look for drugs, Vargas-Miranda responded by saying "Go ahead," followed by an affirmative nod of his head when the deputy sought to confirm the consent. In particular, I find the

following recitation by Judge Piester to be a fair statement of the facts relevant to consent:

>   Deputy Sheriff Brown walked toward the back of the Dodge Magnum, met with Vargas-Miranda, and returned all the documents that had been produced. Deputy Sheriff Brown stated, "I appreciate you talking to me. I appreciate it. You understand it's consensual right? You talking to me?" Ex. 1, 1:49-2:01. Vargas-Miranda affirmed that he understood it was consensual. Approximately ten minutes had elapsed since the defendants entered the Speedee Mart parking lot.
>
>   Deputy Sheriff Brown then asked if Vargas-Miranda had any drugs, or any marijuana in the vehicle. Vargas-Miranda responded, "No" to both questions. When asked if he had any heroin, Vargas-Miranda laughed and stated he left it at home. He also denied possessing any cocaine. Deputy Sheriff Brown asked, "You care if I look and see?," simultaneously gesturing this request by pointing two fingers first toward his eyes and then at the Dodge Magnum. Vargas-Miranda responded, "Go ahead," but added "you don't got no right" because "I wasn't even driving." Deputy Sheriff Brown responded, "Well I'm asking you. I'm just asking you. I'm asking you. But like you said, it's all consensual. I'm just asking you." Ex. 1, 2:30-2:48. Vargas-Miranda, standing with his arms folded, nodded his head.

([Filing 41](Filing 41) at CM/ECF pp. 5-6.)

In my view, the statement "you don't got no right" because "I wasn't even driving" was not, in context, a withdrawal of the consent. Rather, as the deputy sheriff testified, a reasonable person would have concluded that Vargas-Miranda was simply asserting the he had not committed a traffic violation inasmuch as the car was parked. In contrast, the statement, fairly understood by a reasonable officer, meant: "Go ahead and look for drugs, even though you have no right to do so absent my consent because I have not committed a traffic violation." If there was any doubt about whether Vargas-Miranda intended to withdraw his consent, it evaporated when the deputy sheriff responded by saying, "Well I'm asking you. I'm just asking you[,]" and Vargas-Miranda nodded his head and asserted no objection to the search.

Finally, applying Eighth Circuit precedent and realizing that no damage was done to the car and none of the defendants made a contemporaneous objection to the manner of the officer's examination, a search of a vehicle that took about 34 minutes from the time of the consent to the finding of the package of heroin (Ex. 1 at approximately 2:40 to approximately 36:38) did not exceed the consent to "look" for drugs even though the deputy sheriff used a dog to sniff for contraband, removed (and replaced) a few screws that appeared to be out of the ordinary, and removed a plastic piece over the center radio console after observing that the glove compartment was missing a rivet. *See*, e*.g.*, *United States v. Ferrer-Montoya*, 483 F.3d 565, 568-569 (8th Cir. 2007) (state trooper, with the assistance of a drug dog, did not exceed the defendant's consent to a search of his vehicle for drugs during a traffic stop when trooper removed screws from console panel and lifted panel to reveal hidden compartment; defendant placed no qualifications or limitations on his consent to search of his vehicle for drugs, officer noticed scarred screws on console panel during search, officer opened compartment in minimally intrusive manner by removing the screws, and did no damage to the vehicle, and at no time did defendant object or suggest that he wished to withdraw his consent to search).

IT IS ORDERED that:

1.Judge Piester's report and recommendation (Filing 41) is adopted and the objections (Filings 42 & 44) are denied.

2.The motions to suppress (Filings 28 & 30) are denied.

DATED this 3rd day of June, 2008.

BY THE COURT:

s/ *Richard G. Kopf*
United States District Judge

3